# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| Mark McIntosh, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | _____ |
| United States Steel Corporation, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendant United States Steel Corporation ("U. S. Steel") hereby gives notice of the removal of the above-styled action from the Circuit Court of Jefferson County, Alabama, Bessemer Division, to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, U. S. Steel states as follows:

### BACKGROUND

1. Plaintiff Mark McIntosh commenced this action on July 29, 2022, by filing a Complaint in the Circuit Court of Jefferson County, Alabama, Bessemer Division. The case was assigned case number 68-CV-2022-900424, and the entire state court file is attached hereto as **Exhibit A**.

2. Plaintiff alleges that, on or about August 11, 2020, he was injured after falling while on U. S. Steel premises in Fairfield, Alabama. Compl. ¶ 7.

3. Based on these allegations, Plaintiff asserts claims of negligence and wantonness against U. S. Steel and Lexicon, Inc. ("Lexicon") (collectively "Defendants") for liability under Alabama common law. Compl. ¶¶ 10-16.

4. Plaintiff seeks compensatory and punitive damages for alleged permanent injuries, pain and suffering, mental anguish, and medical expenses. Compl. ¶¶ 15-16.

## GROUNDS FOR REMOVAL

5. Removal of this case is based on diversity of citizenship. Under 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "Original jurisdiction requires diversity of the parties or the existence of a federal question." *See Loss Mountain Homeowners Ass'n v. Rice*, 248 Fed. Appx. 114, 115 (11th Cir. 2007).

6. This Court has original federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2

7. The United States District Court for the Northern District of Alabama, Southern Division, encompasses the Circuit Court of Jefferson County, Alabama, Bessemer Division, so removal to this Court is proper. *See* 28 U.S.C. § 81(a)(5) and § 1441(b).

8. U. S. Steel was served with a copy of the Summons and Complaint on August 8, 2022. *See* Summons and Complaint, **Exhibit B**. U. S. Steel files this removal within thirty (30) days of receipt of Plaintiff's Complaint, and thus removal is timely under 28 U.S.C. § 1446(b)(3).

## DIVERSITY OF CITIZENSHIP

9. Plaintiff and Defendants are citizens of different states, and no named or served defendant is a citizen of Alabama; thus, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1) and § 1441(b).

10. Plaintiff is a resident citizen of Alabama. *See* Compl. ¶ 1.

11. For purposes of diversity jurisdiction, a corporation is a citizen of every state or foreign state where it is incorporated and every state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

12. U. S. Steel is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. U. S. Steel is not a citizen of Alabama.

13. Lexicon is a Delaware corporation with its principal place of business in Little Rock, Arkansas. *See* **Exhibit C**. Lexicon is not a citizen of Alabama.

14. Under 28 U.S.C. § 1441(a), "the citizenship of parties sued under fictitious names shall be disregarded" for purposes of subject matter jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1441(a).

15. Thus, this action involves "citizens of different states" in accordance with 28 U.S.C. § 1332(a)(1). Because there is complete diversity between all parties properly joined and served at this time, removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441(b)(2).

## AMOUNT IN CONTROVERSY

16. The amount in controversy requirement is met. "If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties." *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1331 (M.D. Ala. 2007). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

17. Plaintiff's Complaint alleges "severe" personal injuries, permanent injuries, pain and suffering, mental anguish, and medical expenses in this suit. Compl. ¶¶ 9, 15. In turn, he seeks compensatory and punitive damages for the Defendants' allegedly negligent and wanton conduct. Compl. ¶ 16.

18. Plaintiff's Complaint, however, does not specify the *total* amount of damages that he seeks to recover from Defendants. "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal citations and quotations omitted). The removing defendant may satisfy this burden by showing either that it is "facially apparent from the [plaintiff's] pleading itself that the amount in controversy exceeds the jurisdictional minimum" or that there is "additional evidence demonstrating that removal is proper." *Id*. at 1061 (internal quotations omitted). A district court applies its "judicial experience" and "common sense" in "discerning whether the allegations in a complaint facially establish" the jurisdictional amount. *Id.* at 1062-63. To be sure, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. . . The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (internal citations omitted).

19. Although Plaintiff's Complaint does not specify the total amount of claimed damages, it is facially apparent from the serious nature of Plaintiff's allegations and the extent of his claimed injuries and damages that the amount in

controversy exceeds $75,000, exclusive of interests and costs. *See, e.g., Roe v. Michelin N. Am., Inc.*, 637 F.Supp. 2d 995, 999 (M.D. Ala. 2009) ("While it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative to conclude from the egregious conduct alleged that the amount, whatever it is, far exceeds $75,000."); *Sanderson v. Daimler Chrysler Motor Corp.*, No. 07-559-WS-B, 2007 WL 2988222, *14 (S.D. Ala. Oct. 9, 2007) ("Certain injuries are by their nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied."); *see also Joyner v. Lifeshare Mgmt. Group, LLC*, CV-417-174, 2018 WL 1830732 (S.D. Ga. April 17, 2018) (finding amount in controversy satisfied where the plaintiff's complaint "request[ed] punitive damages and damages for 'serious and substantial physical and mental injuries; past and future medical expenses; past, present, and future physical and mental pain and suffering; permanent impairment; and lost wages'"); *Jones v. Novartis Pharm. Co.*, 952 F.Supp. 2d 1277, 1286 (N.D. Ala. 2013) (rejecting the plaintiff's description of her suit "as merely a 'products liability case'" and finding the amount in controversy requirement met because the plaintiff had alleged "serious personal injury" that is "permanent in nature"); *Fuqua v. D & M Carriers, LLC*, No. 6:19-CV-01626-LSC, 2019 WL 6918297, at *3 (N.D. Ala. Dec. 19, 2019) (holding the complaint "facially establish[ed] the jurisdictionally required amount in controversy" where plaintiff

alleged five surgeries, pain and mental anguish, permanent physical impairment, and lost wages).

20.     Plaintiff states in the Complaint that he seeks compensation for pain and suffering from injuries allegedly resulting from Defendants' actions and that he asserts a claim for mental anguish damages. Compl. ¶ 15(a).

21.     Additionally, Plaintiff seeks punitive damages. Compl. ¶ 16. "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Indeed, "the moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332." *Jones v. Hartford Fire Ins. Co.*, 2013 WL 550419, *1 (N.D. Ala. Feb. 7, 2013); *see also Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) ("Plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court.").

22. Here, Plaintiff has not "formally and expressly disclaim[ed] any entitlement to more than $74,999.99" in damages.

23. Thus, based on Plaintiff's own allegations, the amount in controversy exceeds $75,000, exclusive of interest and costs. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

24. As of the date of this filing, U. S. Steel and Lexicon are the only properly joined and served defendants in this action. Lexicon has consented to U. S. Steel's removal of this case. *See* **Exhibit C**. Accordingly, all defendants who have been properly joined and served have joined in and/or consented to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

25. Pursuant to 28 U.S.C. § 1446(d), U. S. Steel will file a Notice of Filing Notice of Removal with the Circuit Court of Jefferson County, Alabama, Bessemer Division. Copies of that Notice, together with this Notice of Removal, will be served upon all counsel of record pursuant to 28 U.S.C. § 1446(d).

26. By filing this Notice, U. S. Steel does not waive any of its defenses, including but not limited to any defenses under Federal Rule of Civil Procedure 12, and does not admit any fact, law, or liability.

27. U. S. Steel reserves the right to amend or supplement this Notice of Removal.

U. S. Steel requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of Jefferson County, Bessemer Division; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said Circuit Court.

Respectfully submitted this 7th day of September 2022,

                                        */s/ H. Ben Brown III*
                                        One of the Attorneys for Defendant
                                        U. S. Steel Corporation

OF COUNSEL:
Kevin E. Clark
*kclark@lightfootlaw.com*
H. Ben Brown III
*bbrown@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL  35203-3200
(205) 581-0700 (telephone)
(205) 581-0799 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on September 7, 2022, I filed a copy of the foregoing electronically using the CM/ECF, which will send notification to counsel of record registered for CM/ECF system. I also served a copy by electronic and/or U.S. mail to:

John David Lawrence, Esq.
FARRIS, RILEY & PITT, LLP
505 20th Street North, Suite 1700
Birmingham, AL 35203
Phone: (205) 324-1212
*jlawrence@frplegal.com*
<u>Attorney for Plaintiff</u>

Brett A. Ross, Esq.
Robert D. Windsor, Esq.
CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
Phone: (205) 822-2006
*bross@carrallison.com*
<u>Attorney for Lexicon, Inc.</u>

                                            */s/ H. Ben Brown III*
                                            Of Counsel