

# ALABAMA SJIS CASE DETAIL

**FILED**

2022 Sep-08 AM 09:32
DISTRICT COURT
N.D. OF ALABAMA

**PREPARED FOR: KEVIN CLARK**


alacourt.com

County: **68**     Case Number: **CV-2022-900424.00**     Court Action:

Style: **MARK MCINTOSH V. UNITED STATES STEEL CORPORATION ET AL**

**Real Time**

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 7/29/2022 | 8:12 AM | FILE | FILED THIS DATE: 07/29/2022          (AV01) | AJA |
| 7/29/2022 | 8:12 AM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 7/29/2022 | 8:12 AM | ASSJ | ASSIGNED TO JUDGE: ANNETTA H. VERIN          (AV01) | AJA |
| 7/29/2022 | 8:12 AM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 7/29/2022 | 8:12 AM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 7/29/2022 | 8:12 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 7/29/2022 | 8:12 AM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 7/29/2022 | 8:12 AM | C001 | C001 PARTY ADDED: MCINTOSH MARK          (AV02) | AJA |
| 7/29/2022 | 8:12 AM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 7/29/2022 | 8:12 AM | C001 | LISTED AS ATTORNEY FOR C001: LAWRENCE JOHN DAVID | AJA |
| 7/29/2022 | 8:12 AM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 7/29/2022 | 8:13 AM | D001 | D001 PARTY ADDED: UNITED STATES STEEL CORPORATION | AJA |
| 7/29/2022 | 8:13 AM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 7/29/2022 | 8:13 AM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 7/29/2022 | 8:13 AM | D001 | CERTIFIED MAI ISSUED: 07/29/2022 TO D001    (AV02) | AJA |
| 7/29/2022 | 8:13 AM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 7/29/2022 | 8:13 AM | D002 | D002 PARTY ADDED: LEXICON, INC.          (AV02) | AJA |
| 7/29/2022 | 8:13 AM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 7/29/2022 | 8:13 AM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 7/29/2022 | 8:13 AM | D002 | CERTIFIED MAI ISSUED: 07/29/2022 TO D002    (AV02) | AJA |
| 7/29/2022 | 8:13 AM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 7/29/2022 | 8:13 AM | ECOMP | COMPLAINT E-FILED. | LAW036 |
| 8/17/2022 | 11:42 AM | D001 | SERVICE OF CERTIFIED MAI ON 08/08/2022 FOR D001 | AND |
| 8/17/2022 | 11:43 AM | ESERC | SERVICE RETURN | AND |
| 8/17/2022 | 1:38 PM | ESCAN | SCAN - FILED 8/17/2022 - RECEIPT | AND |
| 8/25/2022 | 6:34 PM | D002 | SERVICE OF CERTIFIED MAI ON 08/12/2022 FOR D002 | AND |
| 8/25/2022 | 6:34 PM | ESERC | SERVICE RETURN | AND |

   ***END OF THE REPORT***

ELECTRONICALLY FILED
7/29/2022 8:13 AM
68-CV-2022-900424.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>68<br>Date of Filing:<br>07/29/2022 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### MARK MCINTOSH v. UNITED STATES STEEL CORPORATION ET AL

**First Plaintiff:** ☐ Business ☑ Individual **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other ☐ Government ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

LAW036 _____ 7/29/2022 8:13:02 AM _____ /s/ JOHN DAVID LAWRENCE _____
Date Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**    ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☑ NO

ELECTRONICALLY FILED
7/29/2022 8:13 AM
68-CV-2022-900424.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| **MARK MCINTOSH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )          **Civil Action No.:**_____ |
| | ) |

**UNITED STATES STEEL CORPORATION, a corporation; LEXICON, INC., a corporation;** there may be other entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery.  Until that time, the Plaintiff will designate these parties in accordance with **ARCP 9(h).**  The word "entity" as used herein is intended to refer to and include any and all Legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations.  The symbol by which these parties are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity".  In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

**Defendants A, B and C,** whether singular or plural, that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;

**Defendants D, E and F,** whether singular or plural, that entity or those entities who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;

**Defendants G, H and I,** whether singular or plural, that entity or those entities who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

**Defendants J, K and L,** whether singular or plural, that entity or those entities who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

**Defendants M, N and O,** whether singular or plural, that entity or those entities who or which controlled or had the right to control the ingress or egress to and/or from the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;

**Defendants P, Q and R,** whether singular or plural, that entity or those entities who or which planned, designed, constructed, maintained or installed the area where Plaintiff fell involved in the occurrence made the basis of this lawsuit;

**Defendants S, T and U,** whether singular or plural, that entity or those entities who or which maintained or who had the responsibility to maintain the area where Plaintiff fell involved in the occurrence made the basis of this lawsuit;

**Defendants V, W and X,** whether singular or plural, that governmental entity or those governmental entities that had charge or control of the premises involved in the occurrence made the basis of this lawsuit;

**Defendants Y, Z and AA, whether singular or plural, that entity or those entities who or which conducted safety inspections, or who or which were responsible for conducting safety inspections at or with reference to the site involved in the occurrence made the basis of this lawsuit, both prior to and on the date of said occurrence;**

**Defendants BB, CC and DD, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity that owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, which conducted any safety inspection or analysis of or regarding the premises involved in the occurrence made the basis of this lawsuit, both prior to, on and/or after the date of said occurrence;**

**Defendants EE, FF and GG, whether singular or plural, that entity or those entities who or which failed to adequately warn the Plaintiff that a defective and/or dangerous condition/hazard existed on, in and/or within the premises made the basis of this lawsuit, at or about the time the Plaintiff was injured;**

**Defendants HH, II, JJ, whether singular or plural, the individual(s) and/or employee(s) of Defendant who was responsible for the floor of Defendant's premises;**

    **Defendants.**

---

## COMPLAINT

---

    **COMES NOW** the Plaintiff, by and through undersigned Counsel, and complains of the Defendants as follows:

1.    The Plaintiff, Mark McIntosh, is over the age of nineteen (19) years and a resident citizen of the State of Alabama.

2.    The Defendant, United States Steel Corporation, is a foreign corporation doing business in the State of Alabama. Upon information and belief, United States Steel Corporation, was engaged in the ownership, operation, and management of the premises made the basis of this suit located at 5700 Valley Road, Fairfield, AL 35064.

3.    The Defendant, Lexicon, Inc., is a foreign corporation doing business in the State of Alabama. Upon information and belief, Lexicon, Inc., was contracted by United States Steel Corporation to perform work and/or services on the premises made the basis of this suit located at 5700 Valley Road, Fairfield, AL 35064.

4.      The actions, inactions and/or events giving rise to the Plaintiff's claims occurred wholly within the geographical boundaries of Jefferson County in the State of Alabama.

5.      The amount in controversy exceeds the jurisdictional minimums of this Honorable Court.

6.      Jurisdiction and venue are proper in this Court.

## COUNT I
## NEGLIGENCE/WANTONNESS

7.      Plaintiff avers that on or about August 11, 2020, Plaintiff was a business invitee on the premises of United States Steel Corporation, located in Fairfield, Jefferson County, Alabama.

8.      Plaintiff further avers that on or about August 11, 2020, Defendant, Lexicon, Inc., was contracted by United States Steel Corporation to perform work and/or services on the premises made the basis of this suit.

9.      On the said date and place, Plaintiff was caused to fall thereby causing him serious personal injuries.

10.     Defendants breached its duty to Plaintiff in at least the following particulars:

a)      Failing to use reasonable care and diligence to keep the Premises in a safe condition;

b)      Creating a dangerous condition upon the Premises;

c)      Failing to use reasonable care and diligence to remove and/or remedy a dangerous condition on the Premises known or knowable to the Defendants but not readily apparent to invitees, including Plaintiff, despite the exercise of reasonable diligence;

d)      Failing to guard against or otherwise prevent invitees, such as Plaintiff, from encountering a dangerous condition upon the Premises, known or knowable to the Defendants but not readily apparent to invitees, including Plaintiff, despite the exercise of reasonable diligence.

e)      Failing to warn or otherwise sufficiently notify invitees, such as Plaintiff, of a dangerous condition upon the Premises, not readily apparent to invitees,

including Plaintiff, despite the exercise of reasonable diligence.

11.     The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, had a duty to provide a safe, secure and hazard-free establishment on said premises.

12.     The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, were negligent and/or wanton in their maintenance of the area where the Plaintiff fell and that the Defendants' negligently and/or wantonness rendered said area a hazard and otherwise dangerous conditions for individuals, including the Plaintiff.

13.     Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, negligently or wantonly caused and/or allowed an inherently dangerous condition to exist on said premises and failed to warn the Plaintiff or other members of the public about such dangers.

14.     The Plaintiff further alleges that the Defendants, whether named or fictitious party Defendants, were negligent and/or wanton in their supervision of the area where the Plaintiff was injured and that the Defendants' negligence and/or wantonness rendered said area dangerous for individuals, including the Plaintiff.

15.     As a direct or proximate consequence of the negligence or wantonness of the Defendants, the Plaintiff, Mark McIntosh, was caused to suffer the following injuries and damages:

    a)    he was caused to suffer physical pain and mental anguish;

    b)    he was caused to seek medical treatment and was prevented from going about his normal activities;

    c)    he was permanently injured;

    d)    he was caused to incur medical expenses to treat and cure his injuries; and

    e)    he was caused to be injured and damaged, all to his detriment.

16.     Plaintiff avers that on said occasion, the negligence and wantonness of all Defendants, whether named or fictitious parties, combined and concurred, caused the Plaintiff to be injured and damages as set forth herein.

**WHEREFORE,** Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

### COUNT II
### FICTITIOUS DEFENDANTS

17.     Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

18.     As a direct or proximate consequence of the negligence or wantonness of the Fictitious Defendants, the Plaintiff, Mark McIntosh, was caused to suffer the injuries and damages set out in Paragraph 13.

19.     Plaintiff further avers that the conduct of Fictitious Defendants, identified as Defendants, "A through JJ," combined and concurred to directly or proximately cause the Plaintiff's injuries and damages set out in **COUNT I** and **COUNT II** above. Defendants, "A through JJ," whose current names and identities are unknown to the Plaintiff at the present time will be correctly named and identified by amendment who properly ascertained.

**WHEREFORE,** the Plaintiff claims of the Fictitious Defendants, "A through JJ," damages in an amount in excess of the jurisdictional requirements of this Court, plus costs.

*/s/ John David Lawrence*
JOHN DAVID LAWRENCE (LAW036)
Attorney for Plaintiff


**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY**

*/s/ John David Lawrence*
JOHN DAVID LAWRENCE (LAW036)

5

**OF COUNSEL:**

**FARRIS, RILEY & PITT, LLP**
The Financial Center
505 20th Street North, Suite 1700
Birmingham, AL 35203
Phone: (205) 324-1212
Fax: (205) 324-1255
jlawrence@frplegal.com

**<u>PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:</u>**

United States Steel Corporation
641 South Lawrence Street
Montgomery, AL 36104

Lexicon, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
7/29/2022 8:13 AM
68-CV-2022-900424.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| **MARK MCINTOSH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No.:**_____ |
| | ) |
| **UNITED STATES STEEL** | ) |
| **CORPORATION; LEXICON, INC.;** | ) |
| | ) |
| **Defendants.** | ) |

---

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT

---

**COMES NOW** the Plaintiff in the above-styled cause and requests that the Defendant, United States Steel Corporation, answer the following interrogatories and requests for production within the time required by the Alabama Rules of Civil Procedure.  In addition, the Plaintiff requests that the Defendant attach a copy of each and every document referred to in any of the interrogatories or in the Defendant's answers thereto.

## INSTRUCTIONS

1.      You are under a duty to seasonably supplement or amend your responses to several of these Interrogatories and Requests as required by Ala. R. Civ. P. 26(e).

2.      Each Interrogatory shall be answered separately and fully in writing under oath in accordance with Ala. R. Civ. P. 33(a).

3.      All documents or things responsive to a request set forth herein shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in these requests as required by Ala. R. Civ. P. 34(b).

4.      With respect to any documents or things withheld by you due to a claim of privilege or other objection, list for each such document or thing:

        a.      type of document or thing (e.g., memorandum, letter, etc.);
        b.      author(s);

    c.    recipient(s);
    d.    subject matter;
    e.    nature of privilege asserted or other objections;
    f.    the part of the document withheld; and
    g.    a description of the thing withheld.

5.    If any document or thing requested herein has been destroyed or otherwise disposed of, list for each such document or thing:

    a.    type of document or thing (e.g. letter, memorandum, etc.);
    b.    author(s)
    c.    recipient(s)
    d.    the approximate or actual date of the document;
    e.    subject matter;
    f.    the person who destroyed or otherwise disposed of the document or thing;
    g.    in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;
    h.    the date of destruction or disposition; and
    i.    the reason for destruction of disposition.

## DEFINITIONS

1.    "Person" or "persons" means any individual, corporation, partnership, limited liability company, unincorporated association, or other legal entity or form of organization or association.

2.    "You" or "your" means Defendant(s), its agents, officers, directors, employees, representatives, or other entities acting or purporting to act on its behalf.

3.    "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request or interrogatory any documents or information that might otherwise be construed to be outside its scope.

4.    "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting, conversation, discussion, correspondence, or any other form of oral or written interchange.

5.    "Identify" has the following meanings in the following contexts:

    a.    when used with respect to a person, to provide that person's name, date of birth, address, home telephone number, work telephone number, employer, and place of employment;
    b.    when used with respect to a place or location, to provide the address, city, county, and state where that place is located;

2

    c.   when used with respect to a document or thing, to provide that document's or that thing's current location, author, recipient, subject matter, and date;

    d.   when used with respect to a transaction, occurrence, or act, to set forth the event or events constituting such a transaction, occurrence, or act, the location of the same, and the date and the persons participating in the same.

6.    The words "Document" or "Documents" are used to refer to the full scope of documents, writings, and other tangible things discoverable under Ala. R. Civ. P. 34, in whatever form and however and by whomever made.  Please note that "document(s)" as so defined include, but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or copy: statements; reports; charts; graphs; bills; statements of account; agreements; communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; engineering reports and notebooks; plats; test results; plans; sketches or drawings; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information-containing paper, writing, or physical thing.

## <u>INTERROGATORIES</u>

1.    State this Defendant's name correctly and/or the correct way this Defendant should be designated as a party Defendant in an action at law (at the time of the occurrence made the basis of this suit and at the time these interrogatories were answered).

2.    Who were the supervisory employees during the business hours on August 11, 2020?  Your response should include the full name of any and all employees, job titles, last known addresses and social security numbers.

3.    State the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

4.    Describe this Defendant's account of the occurrence made the basis of the complaint, i.e., how the Plaintiff's accident occurred.  Include in your response a detailed description of the date, time and all events which had any bearing on the cause and manner of the occurrence whether said event occurred before, at the time of, or after the happening of the occurrence.

5.    Was an investigation or report made by and/or for the Defendant pertaining to the occurrence made the basis of this lawsuit?  If so, provide the following information:

a)     The contents, nature and substance of any and all reports that were made;

b)     The result and/or conclusions of any and all investigation conducted;

c)     The dates and times for any and all investigations and/or reports generated;

d)     The name and job title of the person or persons who conducted any such investigation and/or produced any such reports;

e)     The name and job title the person and/or persons who supervised and/or participated in any way with regard to any investigation and/or report generated there from; and

f)     The name and job title of the person and/or persons who are in the care, custody and control of such documents at the present time.

6.     Describe all acts, actions, activities or movements which, to this Defendant's knowledge, any employee of the Defendant or anyone else to this Defendant's knowledge, saw relating to the Plaintiff's activities *up to and including* the time of the occurrence made the basis of this suit which relate in any way to said occurrence.

7.     Describe any safety inspections or other types of inspections conducted by this Defendant, any employee of this Defendant or anyone acting on behalf of this Defendant at or about the scene of the occurrence made the basis of this lawsuit at any time either before or after the date of the occurrence made the basis of this lawsuit.

8.     Describe any recommendations and/or changes this Defendant, anyone acting on this Defendant's behalf or anyone to this Defendant's knowledge made to any person or entity either prior to or as a result of the occurrence made the basis of this lawsuit.

9.     Describe any hazard or unsafe condition relating to the area where Plaintiff was injured recognized by this Defendant or any of this Defendant's employees, agents or representatives at any time prior to the occurrence made the basis of this lawsuit.

10.     State the full name and address of any person who received injuries at or about the location involved in the occurrence made the basis of this lawsuit prior to the occurrence made the basis of this lawsuit.

11.     Describe when and by whom you were first informed of Plaintiff's injury at the site of the occurrence made the basis of this suit.

12.     Please state the name and address of the individual whose responsibility included the inspection (safety or otherwise) of the area where the Plaintiff was injured on the occasion of the occurrence made the basis of Plaintiff's complaint.

4

13.     Describe the type of insurance coverage or protection and the limits of liability thereto provided to this Defendant or which or may be used to satisfy any judgment in this action at the time of the occurrence made the basis of this suit or at any time prior thereto.

14.     List each and every report, claim form and/or any document by whatever name and the subject of the contents thereof, that this Defendant required members of its employment and/or loss control or loss prevention department to complete relating to safety or loss control inspections.

15.     State the full name and address of each witness that you expect to call at the trial of this case.

16.     Describe any statements in any form you, your attorney, your insurance carrier or anyone acting on your or their behalf obtained from any persons regarding any of the events or happenings that occurred at the scene of the incident referred to in the complaint immediately before, at the time of, or immediately after said accident. This request should include the name, address, telephone number and social security number or any person(s) from whom a statement was obtained.

17.     State the full name and address of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint, including but not limited to, eyewitnesses to such event.

18.     Please state the name and address of each expert witness that you expect to call at the trial of this case and state the subject matter on which said experts are expected to testify.

19.     Please state the substance of the facts, opinions and conclusions to which each and every expert is expected to testify in this case.

20.     State the name, address and job title of each person who was contacted in answering these interrogatories or who provided information relevant to the answering of the interrogatories and the proper designation of each book, document or record which was searched in answering these interrogatories.

21.     Please provide the last known name, address, and telephone number of any employee of this Defendant who was working on the date of the accident made the basis of this suit, including, but not limited to, that person who inspected and/or maintained and/or cleaned the premises in the area where the Plaintiff was injured.

22.     Describe any statements and/or conversations had between the Plaintiff and this Defendant, employees or anyone acting on this Defendant's behalf regarding any of the events or happenings that occurred at the scene of the incident referred to in the complaint immediately before, at the time of, or immediately after said accident.  This request should include the name, address, telephone number and social security number of any and all persons who was a party to said conversation(s) and/or heard said statement(s).

5

23.     Is it the contention of the Defendant that the Plaintiff, by any act or omission, caused or contributed to cause his own injury?  If so, state in complete detail each and every act or omission by the Plaintiff that you contend caused or contributed to cause his injury.

## REQUESTS FOR PRODUCTION

1.     Produce copies of all statements or accounts, written or recorded, of any persons (including the Plaintiff) known to you, your agents, employees and/or attorneys who have knowledge of the facts involved in the occurrence made the basis of the complaint.

2.     Produce copies of all witness statements or reports made or submitted to this Defendant or anyone to this Defendant's knowledge of the occurrence made the basis of this lawsuit.

3.     Produce copies of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence (this includes the relevant surveillance video in United States Steel Corporation, that captured the incident the basis of this lawsuit).

4.     Produce a layout of the surveillance cameras in the premises in question and the areas that the camera records.

5.     Produce copies of each and every note, memorandum, item of correspondence, drawing, picture and/or other document pertaining to any safety inspections, or other type of inspections, conducted by this Defendant at or about the scene of the occurrence made the basis of this lawsuit.

6.     Produce copies of each and every note, memorandum, item of correspondence, drawing, picture or other document pertaining to any changes and/or recommendations made by this Defendant or anyone to this Defendant's knowledge to any person or entity as a result of the occurrence made the basis of this lawsuit.

7.     Produce copies of each and every note, memorandum, item of correspondence, drawing, picture or other document pertaining to any hazard or unsafe condition recognized by this Defendant or any of this Defendant's employees, agents or representatives at any time prior to the occurrence made the basis of this lawsuit.

8.     Produce copies of each and every report, note, memorandum, item of correspondence, drawing, picture or other document or data pertaining to any injuries received by any person at or about the area involved and prior to the occurrence made the basis of this lawsuit.

9.     Produce copies of each and every statement obtained by you, your attorney, your insurance carrier or anyone acting on your or their behalf from any persons regarding any of the events or happenings that occurred at the scene of the incident referred to in the complaint immediately before, at the time of, or immediately after said accident.

6

10.     Please produce a copy of each and every insurance agreement under which any person carrying on an insurance business or entity carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment rendered in this action.  This should include any primary and excess insurance policy and should include all portions of the policy including, but not limited to, the declaration page or pages.

11.     Please provide any and all policy and/or procedure manuals, booklets, pamphlets, written instructions, employee handbooks, safety literature, safety policies, owner's manuals, operator's manuals, or other documents that direct or instruct employees with respect to responsibilities concerning inspection procedures (safety or otherwise).

12.     Produce any and all documentation evidencing or relating to all repairs, modifications, maintenance, clean-ups and/or variations of the area forming the basis of this suit, including inspection logs and/or visual inspection check lists.  The response to this request should include any and all documentation used and/or referenced to provide responses to any of the Plaintiff's interrogatories set out above.

13.     Produce any and all documentation evidencing or relating to the Defendant's policies and procedures, whether written or otherwise, for cleaning, maintaining and/or inspecting floors on the premises, and specifically, any and all documentation evidencing how and in what manner the Defendant is to protect the safety of patrons and/or warn patrons from dangerous and/or defective conditions existing on the premises of the Defendant.

14.     Please produce all manuals, booklets, documents, or other materials setting out the retention policies for surveillance video.  This would include surveillance video capturing the time and place involving an incident worthy of an incident report.

15.     Please produce a copy of any and all documents, notes, correspondence, manuals, logs, reports or any data in any form that was referred to or relied upon in any way in responding to Plaintiff's interrogatories.

16.     Produce complete copies of any and all documents you receive throughout the course of this litigation that you obtain by way of a signed release of the plaintiff and/or by way of a **Rule 45 subpoena**.

*/s/ John David Lawrence*
JOHN DAVID LAWRENCE (LAW036)
Attorney for Plaintiff

**OF COUNSEL:**

**FARRIS, RILEY & PITT, L.L.P.**
The Financial Center
505 20th Street North, Suite 1700
Birmingham, AL  35203
T: (205) 324-1212
F: (205) 324-1255
jlawrence@frplegal.com

**TO CLERK: PLEASE SERVE WITH SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
7/29/2022 8:13 AM
68-CV-2022-900424.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BESSEMER DIVISION**

| | |
|---|---|
| **MARK MCINTOSH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No.:**_____ |
| | ) |
| **UNITED STATES STEEL** | ) |
| **CORPORATION; LEXICON, INC;** | ) |
| | ) |
| **Defendants.** | ) |

---

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

---

Plaintiff submits the following Interrogatories and Requests for Production of Documents to Defendant, Lexicon, Inc., pursuant to *Alabama Rules of Civil Procedure* 33 and 34.

### <u>INSTRUCTIONS</u>

1.    You are under a duty to reasonably supplement or amend your responses to several of these Interrogatories and Requests as required by Ala. R. Civ. P. 26(e).

2.    Each Interrogatory shall be answered separately and fully in writing under oath in accordance with Ala. R. Civ. P. 33(a).

3.    All documents or things responsive to a request set forth herein shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories set forth in these requests as required by Ala. R. Civ. P. 34(b).

4.    With respect to any documents or things withheld by you due to a claim of privilege or other objection, list for each such document or thing:

        a.    type of document or thing (e.g., memorandum, letter, etc.);
        b.    author(s);
        c.    recipient(s);
        d.    subject matter;
        e.    nature of privilege asserted or other objections;
        f.    the part of the document withheld; and
        g.    a description of the thing withheld.

5.     If any document or thing requested herein has been destroyed or otherwise disposed of, list for each such document or thing:

      a.     type of document or thing (e.g. letter, memorandum, etc.);
      b.     author(s);
      c.     recipient(s);
      d.     the approximate or actual date of the document;
      e.     subject matter;
      f.     the person who destroyed or otherwise disposed of the document or thing;
      g.     in the case of disposition, the person to whom the document or thing was transmitted or to whom a copy was provided;
      h.     the date of destruction or disposition; and
      i.     the reason for destruction of disposition.

## **DEFINITIONS**

1.  "Person" or "persons" means any individual, corporation, partnership, limited liability company, unincorporated association, or other legal entity or form of organization or association.

2.  "You" or "your" means Defendant(s), in this action, its agents, officers, directors, employees, representatives, or other entities acting or purporting to act on its behalf.

3.  "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request or interrogatory any documents or information that might otherwise be construed to be outside its scope.

4.  "Communication" means any occurrence whereby facts, opinions, data, or information are transmitted between two or more persons, including, but not limited to, any meeting, conversation, discussion, correspondence, or any other form of oral or written interchange.

5.  "Identify" has the following meanings in the following contexts:

    When used with respect to a person, to provide that person's name, date of birth, address, home telephone number, work telephone number, employer, and place of employment;
    When used with respect to a place or location, to provide the address, city, county, and state where that place is located;
    When used with respect to a document or thing, to provide that document's or that thing's current location, author, recipient, subject matter, and date;
    When used with respect to a transaction, occurrence, or act, to set forth the event or events constituting such a transaction, occurrence, or act, the location of the same, and the date and the persons participating in the same.

6.     The words "Document" or "Documents" are used to refer to the full scope of documents, writings, and other tangible things discoverable under Ala. R. Civ. P. 34, in whatever form and however and by whomever made.  Please note that "document(s)" as so defined include,

but are not limited to, any documents or information stored on computer databases, electronic mail, or otherwise in any retrievable form, as well as every document, writing, or other tangible thing, including without limitation the following items, whether printed, typed, recorded, filmed, stored in a computer format, written, produced by hand or by any other process, and whether original, master, duplicate, or copy: statements; reports; charts; graphs; bills; statements of account; agreements; communications, whether interoffice, intraoffice, or otherwise; correspondence; papers; cablegrams; mailgrams; telegrams; notes, memoranda, summaries, minutes, records, videotapes, sound recordings and transcriptions of telephone conversations, personal conversations, interviews, meetings, conferences, facts, conclusions, impressions, and things similar to the foregoing; books, manuals, publications, and diaries; engineering reports and notebooks; plats; test results; plans; sketches or drawings; photographs; summaries of investigations; surveys; opinions and reports of expert witnesses, appraisers, or consultants; projections; corporate records; minutes of board of directors or committee meetings; desk calendars; appointment books; diaries; diary entries and notes; and any other information-containing paper, writing, or physical thing.

## **INTERROGATORIES**

1.      State the name, address, title, and duties of the person or persons answering these interrogatories and the place where these interrogatories are being answered.

2.      Is this Defendant's name correctly stated in the style of the Complaint in this cause? If not, state the correct way this Defendant should be designated as a party defendant.

3.      State the names and addresses of all persons known to you, your agents, employees and/or attorneys who have knowledge of the facts involved in the occurrences made the basis of this suit.

4.      Who were the employees, working on August 11, 2020, at the location made the basis of this suit? Your response should include the full name of any and all employees, job titles and last known addresses.

5.      Who were the supervisory employees who were authorized and/or assigned to oversee the planning, designing, construction and/or safety inspections conducted at or near the subject premises in which forms the basis of this suit? Your response should include the full name of any and all employees, job titles and last known addresses.

6.      State the name and address of each person from whom a statement, whether oral, written or otherwise recorded that has been obtained by this defendant or on behalf of this Defendant. Your response should also include the dates and times of any such statements.

7.      Describe in full detail this Defendant's account of the occurrence made the basis of the Plaintiff's Complaint, i.e., how the Plaintiff's accident occurred. Include in your response a detailed description of all events that had any bearing on the cause and manner of the occurrence.

8.      List and describe any and all maintenance inspections, or other types of inspections conducted by this Defendant at or about the scene of the occurrence made the basis of this lawsuit at the time of services and/or work being performed, for one week before, on the day of and for one week after the incident forming the basis of this lawsuit.

9.      Who hired this Defendant to handle services and/or work on the premises made the basis of this suit?

10.     Describe in detail any conversations you, your agents, employees held with Plaintiff, in reference to this incident.

11.     Do you contend the Plaintiff was guilty of an act or acts of negligence which caused or contributed to his injuries? If so:

   a.      Identify/Describe the facts upon which you base this contention;
   b.      Identify each witness who has knowledge of facts to support this contention; and
   c.      Describe all documents and tangible things which support this contention.

12.     Describe in detail when and by whom the Defendant was first informed of the Plaintiff's injury at the site of the occurrence made the basis of this lawsuit.

13.     State whether the Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence. If so, describe each photograph or motion picture, state when it was taken, and state the name, address and job description of the person who has possession, custody or control of each respective photograph or motion picture. Attach any and all such photographs or motion pictures to your interrogatory answers.

14.     Was an investigation or report made by and/or for the Defendant pertaining to the occurrence made the basis of this lawsuit?  If so, provide the following information:

   a.      The contents, nature and substance of any and all reports that were made;

   b.      The result and/or conclusions of any and all investigation conducted;

   c.      The dates and times for any and all investigations and/or reports generated;

   d.      The name and job title of the person or persons who conducted any such investigation and/or produced any such reports;

   e.      The name and job title the person and/or persons who supervised and/or participated in any way with regard to any investigation and/or report generated there from; and

  f.  The name and job title of the person and/or persons who are in the care, custody and control of such documents at the present time.

15.  Describe the type of insurance coverage or protection provided for the Defendant at the time of the occurrence made the basis of this lawsuit or at any time prior thereto and state the applicable limits of liability for the present action.

16.  State the full name and address of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the Plaintiff's complaint, including but not limited to, eyewitnesses to such event, regardless of whether you intend to call such person(s) as a trial witness.

17.  State in complete detail this Defendant's policies and procedures for its planning, designing, engineering and construction of when hired for services.

18.  Describe in complete detail the substance of any and all statements made by the Plaintiff to the Defendant and/or any and all agents, servants and/or employees of the Defendant at the scene of the Plaintiff's fall and immediately thereafter.

19.  Is it the contention of the Defendant that the Plaintiff, by any act or omission, caused or contributed to cause his own injury? If so, state in complete detail each and every act or omission by the Plaintiff that you contend caused or contributed to cause his injury.

## REQUESTS FOR PRODUCTION

1.  Please produce a list of any and all person from whom written or oral statements have been taken by or on behalf of the Defendants.

2.  Please produce a list of all witnesses who have any knowledge about the incident in question.

3.  Please produce any and all photographs, drawings, and/or video tapes made in connection with said lawsuit either by Defendants or on behalf of Defendants, including but not limited to the scene of the accident.

4.  Please produce a copy of any and all reports, investigations, tests, or other documents by whatever name called of any expert employed on Defendants' behalf to make an investigation of the incident made the basis of this suit.

5.  Please produce a copy of any and all statements taken on behalf of the Defendants.

6.  Please produce a list of each and every exhibit that Defendants or their attorneys propose to use in the trial of this action.

7.  Please produce a copy of each and every exhibit the Defendants or their attorneys propose to use in the trial of this action.

8.      Please produce each and every scientific treatise, book, or document or treatise of any authority on the subject, the issue of the lawsuit, or any authoritative text or document in any way relating, concerning, or pertaining to the Plaintiff's claims expressed in the Complaint.

9.      Please submit each article or thing the Defendants intend to offer or use in the trial of this case to demonstrate, illustrate, aid, and/or assist in the testimony of any witness.

10.      Please produce any item or article of evidence, including models or facsimiles of items or articles.

11.      Produce any and all documentation evidencing or relating to the Defendant's policies and procedures, whether written or otherwise, for the planning, design and engineering of the premises.

12.      Please produced the contract and/or agreement for the work services between this Defendant and any other named Defendant.

13.      Produce complete copies of any and all documents you receive throughout the course of this litigation that you obtain by way of a signed release of the plaintiff and/or by way of a Rule 45 subpoena.

Respectfully Submitted:

*/s/ John David Lawrence* ____
JOHN DAVID LAWRENCE (LAW036)
Attorney for Plaintiff

**OF COUNSEL:**

**FARRIS, RILEY & PITT, L.L.P.**
The Financial Center, Suite 1700
505 20th Street North
Birmingham, Alabama 35203
T:  (205) 324-1212
F:  (205) 324-1255
jlawrence@frplegal.com

**TO CLERK: PLEASE SERVE WITH SUMMONS AND COMPLAINT**



AlaFile E-Notice

68-CV-2022-900424.00

To:   JOHN DAVID LAWRENCE
      jlawrence@frplegal.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARK MCINTOSH V. UNITED STATES STEEL CORPORATION ET AL
68-CV-2022-900424.00

The following complaint was FILED on 7/29/2022 8:13:06 AM

Notice Date:     7/29/2022 8:13:06 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2022-900424.00

To:  UNITED STATES STEEL CORPORATION
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARK MCINTOSH V. UNITED STATES STEEL CORPORATION ET AL
68-CV-2022-900424.00

The following complaint was FILED on 7/29/2022 8:13:06 AM

Notice Date:     7/29/2022 8:13:06 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2022-900424.00

To: LEXICON, INC.
2 NORTH JACKSON STREET
SUITE 605
MONTGOMGERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARK MCINTOSH V. UNITED STATES STEEL CORPORATION ET AL
68-CV-2022-900424.00

The following complaint was FILED on 7/29/2022 8:13:06 AM

Notice Date:     7/29/2022 8:13:06 AM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2022-900424.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### MARK MCINTOSH V. UNITED STATES STEEL CORPORATION ET AL

**NOTICE TO:** UNITED STATES STEEL CORPORATION, 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN DAVID LAWRENCE                                                                                                                                      ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 505 20th Street North, Suite 1700, BIRMINGHAM, AL 35203                                    .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of  MARK MCINTOSH

pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 07/29/2022 | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ JOHN DAVID LAWRENCE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____.

*(Date)*

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>68-CV-2022-900424.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## MARK MCINTOSH V. UNITED STATES STEEL CORPORATION ET AL

**NOTICE TO:** LEXICON, INC., 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN DAVID LAWRENCE                                                                                                      ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 505 20th Street North, Suite 1700, BIRMINGHAM, AL 35203                    .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of  MARK MCINTOSH
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 07/29/2022 | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ JOHN DAVID LAWRENCE
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                          *(Name of County)*

Alabama on _____ .
*(Date)*

_____        _____        _____
*(Type of Process Server)*              *(Server's Signature)*                 *(Address of Server)*

_____        _____
                                        *(Server's Printed Name)*              *(Phone Number of Server)*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United States Steel
Corporation
1041 South Lawrence St.

Montgomery, Al 36104

9590 9402 7565 2098 4586 32

2. Article Number (Transfer from service label)

7021 0950 0001 1328 2391

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Kevin Eggleston_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery  9-8-22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

CU22-904 24
SGC

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☒ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

USPS TRACKING #

9590 9402 7565 2098 4586 32

United States
Postal Service

FILED IN OFFICE

AUG 12 2022

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA

• Sender: Please print your name, address, and ZIP+4® in this box•

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



AlaFile E-Notice

68-CV-2022-900424.00

Judge: ANNETTA H. VERIN

To:   LAWRENCE JOHN DAVID
      jlawrence@frplegal.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARK MCINTOSH V. UNITED STATES STEEL CORPORATION ET AL
68-CV-2022-900424.00

The following matter was served on 8/8/2022

D001 UNITED STATES STEEL CORPORATION
Corresponding To
CERTIFIED MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
MARK MCINTOSH V. UNITED STATES STEEL CORPORATION ET AL

68-CV-2022-900424.00

To:  CLERK BESSEMER
     clerk.bessemer@alacourt.gov

TOTAL POSTAGE PAID: $31.52

Parties to be served by Certified Mail - Return Receipt Requested

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

UNITED STATES STEEL CORPORATION                          Postage: $15.76
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

LEXICON, INC.                                            Postage: $15.76
2 NORTH JACKSON STREET
SUITE 605
MONTGOMGERY, AL 36104

Parties to be served by First Class Mail





# SENDER: COMPLETE THIS SECTION

- ■ Complete items 1, 2, and 3.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Lexicon Inc
8 North Jackson St
Ste 605
Montgomery Al 36104

9590 9402 7147 1251 1259 90

2. Article Number (Transfer from service label)

7021 0950 0001 1328 2407

# COMPLETE THIS SECTION ON DELIVERY

A. Signature

X Hullie

☐ Agent
☐ Addressee

B. Received by (Printed Name)
Hattonkerson

C. Date of Delivery
3/11/22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

0N22-900404
S+C

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 7147 1251 1259 50

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

**FILED IN OFFICE**

AUG 1 6 2022

CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA

OFFICE OF THE CIRCUIT CLERK
BESSEMER DIVISION
JEFFERSON COUNTY, ALABAMA
P.O. BOX 1310
BESSEMER, ALABAMA 35021-1310



**AlaFile E-Notice**

68-CV-2022-900424.00

Judge: ANNETTA H. VERIN

To:  LAWRENCE JOHN DAVID
     jlawrence@frplegal.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MARK MCINTOSH V. UNITED STATES STEEL CORPORATION ET AL
68-CV-2022-900424.00

The following matter was served on 8/12/2022

D002 LEXICON, INC.
Corresponding To
CERTIFIED MAIL

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510